The Honorable Mike Ross State Senator P.O. Box 374 Prescott, AR 71857
Dear Senator Ross:
This is in response to your request for an opinion regarding clarification of the role of the coroner and his scope of authority in certain circumstances.[1] Your questions will be restated and answered in the order posed.
1. Who has jurisdiction over persons dying in homes and those not in a doctor's care at hospitals and nursing homes?
By "jurisdiction," I assume you are referring to the authority to certify the death and move the body. This issue was addressed in Op. Att'y Gen. 90-317, a copy of which is attached. That opinion noted that the procedure for certification of death is controlled by A.C.A. § 20-18-601. Section 20-18-601(a) and (b) require the funeral director or person acting as such who first assumes custody of the body to file the death certificate with the Division of Vital Records within ten days after the death. Additionally, § 20-18-601(c) addresses the completion of the medical certification. The subsection states that:
 (c) The medical certification shall be completed, signed, and returned to the funeral director within forty-eight (48) hours after receipt of the death certi-ficate by the physician in charge of the patient's care for the illness or condition which resulted in death, except when inquiry is required by § 12-12-305, § 12-12-318, or § 16-83-101, et seq.
 (1) In the absence of the physician, or with his approval, the certificate may be completed and signed by his associate physician, the chief medical officer of the institution in which death occurred, or by the pathologist who performed an autopsy upon the decedent. . . .
 (2) In the event that none of the above individuals are available, the case should be referred to the coroner or deputy medical examiner in the county where the death occurred.
The opinion also concluded, with regard to removal of the body, that consent for the removal must be obtained from either the physician, the state medical examiner, or the county coroner. Consent may be granted, however, only after the physician or appropriate official has viewed the body.
2. Who has jurisdiction over persons who may have committed suicide and homicide cases?
With regard to this issue, A.C.A. §§ 20-18-601(d) and (e) state that:
 (d) If the cause of death appears to be other than the illness or condition for which the deceased was being treated or if inquiry is required by either of the laws referred to in subsection (c) of this section, the case shall be referred to the Office of State Medical Examiner or county coroner for investigation to determine and certify the cause of death. . . .
 (e) When inquiry is required by either of the laws referred to in subsection (c) of this section, the state medical examiner or county coroner shall determine the cause of death and shall complete and sign the medical certification within forty-eight (48) hours after taking charge of the case.
Those circumstances referred to in subsection (c) which require inquiry are set out at A.C.A. § 12-12-315, which states in pertinent part that:
 (a) The coroner of the county and the chief law enforcement official of the county or municipality in which death occurs and the State Crime Laboratory shall be promptly notified by the physician in attendance, by any law enforcement officer having knowledge of the death, by the undertaker or embalmer, by the jailer if death occurs in a jail, prison, or penal farm, by the coroner, or by any person present or with knowledge of the death upon the death of any person:
 (1) From violence, whether apparently homicidal, suicidal, accidental, or industrial. . . .
* * *
 (3) When death occurs suddenly when the deceased was in apparent good health;
 (4) When death occurs under any suspicious or unusual circumstances or in any unusual manner.
Accordingly, it is my opinion that the county coroner, the chief law enforcement officer, and the State Crime Laboratory are the appropriate officials to be notified when deaths occur as a result of suicide or homicide.
3. Who has authority to ask the State Medical Examiner to perform an autopsy?
Those authorized to request an autopsy to be performed by staff of the State Crime Laboratory are set out at A.C.A. § 12-12-318, which states in pertinent part that:
 (a) When death occurs in such a manner or under such circumstances as described in § 12-12-315, the State Crime Laboratory shall . . . make such examinations or investigations or perform such autopsies to determine the cause of death as the Executive Director of the State Crime Laboratory or his staff deems necessary or as may be requested by the coroner of the county in which death occurs or is discovered, by the prosecuting attorney of the jurisdiction in which death occurs or is discovered, by the sheriff of the county in which death occurs or is discovered, by the chief of police of the city in which death occurs or is discovered, by the Board of Correction or its designee, or the Director of the Department of Correction or his designee if the person was in the care, custody, or control of the Department of Correction at the time of death. Deputies of elected officers enumerated above shall have no authority to request an autopsy
by the State Crime Laboratory.
* * *
 (d) The Executive Director of the State Crime Laboratory and his staff shall not, as a part of their official duties, perform any autopsy at the request of any private citizen or any public official other than those enumerated in this section.
 (e) The provisions of this section shall supersede any and all other laws relating to the power and authority of the Executive Director of the State Crime Laboratory or his staff, including the State Medical Examiner, to conduct examinations, investigations, or autopsies. [Emphasis added.]
This section clearly states that the State Crime Laboratory shall perform autopsies only at the request of those individuals specifically enumerated. It is thus my opinion that no one other than those specifically authorized in § 12-12-318 may request the State Crime Laboratory to perform an autopsy.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
SD/WB:cyh
[1] The duties of coroners are set out generally at A.C.A. §§14-14-301—305 (1987 Cum. Supp. 1991), §§ 16-83-101—114 (1987), and §§ 20-18-601—604 (Repl. 1991).